CARROLL, Judge.
In the course of highway construction and prior to condemnation of the property of one Keith, a building thereon was taken, demolished and removed by the State Road Department through its contractor Cuyahoga Wrecking Company and the latter’s subcontractor Big Chief, Inc. In subsequent condemnations the department acquired and paid for the land, but there was no award for the building. An action by the owner against the department and the contractors and their insurer resulted in a judgment on December 13, 1963, against the defendants for $8,000 for the value of the building taken. Later a judgment over, in favor of Cuyahoga against the Department was entered separately on January 2, 1964. Thereafter the Department moved for clarification of the judgment of December 13, 1963. That motion was denied. Subsequently Cuyahoga paid the $8,000 judgment of December 13, 1963. This appeal taken by the Department is directed against the judgment of January 2, 1964, which placed ultimate liability on the Department for the value of the building, and the order denying the Department’s motion to clarify the earlier judgment. No timely appeal was filed to that judgment of December 13, 1963.
On consideration of the record and briefs we affirm the judgment and order appealed. An appeal from the order denying the Department’s motion to clarify the judgment of December 13, 1963, does not bring on for review the merits of that judgment. The subject matter of the motion to clarify, which dealt with the possibility that the Department might be called upon to pay both the judgment of December and the judgment over in January, was rendered moot when Cuyahoga paid the first judgment. As between Cuyahoga and the Department, it was proper to require the latter to pay the value of the removed building. The owner had been held entitled to recover the value of the building, which had been taken without compensation. The Department had obtained and paid for the land involved but not for the building. Cuyahoga had paid the owner the value of the building, and Cuyahoga would have been required to remove the building later from the condemned land, if it had not been removed prematurely. Cuyahoga argues correcetly that the Department’s contention of immunity is without merit be *52 cause the claim against the Department was not in tort but for a taking of property without compensation and to prevent unjust enrichment.
Affirmed.